Li v. Garland

BIA
Wright, IJ
A205 240 588

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-three.

PRESENT:
>       JOSÉ A. CABRANES,
>       ROSEMARY S. POOLER,
>       RICHARD J. SULLIVAN,
>               *Circuit Judges.*

_____

GUIFEN LI,
>       *Petitioner*,

>       v.                                                    **21-6220**
                                                               **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

**FOR PETITIONER:** Aleksander Boleslaw Milch, Esq., The Kasen Law Firm, PLLC, Flushing, N.Y.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guifen Li, a native and citizen of the People's Republic of China, seeks review of a March 16, 2021 decision of the BIA affirming a February 27, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guifen Li*, No. A205 240 588 (B.I.A. Mar. 16, 2021), *aff'g* No. A205 240 588 (Immig. Ct. N.Y.C. Feb. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review an adverse-credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and we deem administrative findings of fact to be

"conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements" and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse[-]credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse-credibility determination.

Here, Li's statements were riddled with omissions and inconsistencies surrounding the events that form the basis of her claim. Li amended her claim before her hearing and testified that she gave birth to two daughters in the late 1980s and was forced to undergo two abortions, one between the births of her daughters and another in 2009. She alleged that when family-planning authorities

3

forcibly took her for the 2009 abortion, they also beat and handcuffed her husband. In contrast, Li did not mention the abortions in her original asylum claim, but alleged only that she was forced to pay a fine when she had her second daughter. In reaching its determination, the agency reasonably relied on Li's failure to include her abortions in her original application, as well as the omission of the 2009 abortion from the supporting letters from her husband and neighbor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not required to credit Li's explanations that she forgot to include the abortions, particularly since she included far less-relevant details in her statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The agency also was not compelled to accept Li's subsequent explanation that she, her husband, and her neighbor were too fearful to provide full accounts. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (rejecting petitioner's explanation that inconsistencies were a result of her "nervous and distracted" state during a credible-fear interview). Further, the fact that Li's husband and neighbor mentioned only one abortion, and not the 2009 abortion or

the husband's beating, undercuts her explanation that they were afraid to provide information.

The lack of reliable corroboration further bolsters the agency's decision. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The letters from Li's husband and neighbor were inconsistent with her testimony regarding the timing of the first abortion and did not corroborate the 2009 abortion, and Li did not provide other documentary evidence to corroborate these claims.

In sum, the glaring omissions from Li's original application and supporting letters, the inconsistencies in her statements, and the lack of reliable corroboration of the basis of her claim constitute substantial evidence for the adverse-credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse-credibility determination is dispositive of asylum, withholding-of-removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court